Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiffs, CHAD & COURTNEY PROVO

# U.S. DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD & COURTNEY PROVO, both individuals,<br><br>Plaintiff,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL-SAN DIEGO, a business entity form unknown; CMRE FINANCIAL SERVICES, INC.,<br><br>Defendants. | Case No.: 3:15-cv-00081-JM-BGS<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |

Plaintiffs, CHAD & COURTNEY PROVO, both individuals, by and through their attorneys of record, hereby file this First Amended Complaint and allege as follows:

## INTRODUCTION

1. Plaintiffs, by and through their attorneys of record, bring this action to secure redress from unlawful debt collection practices engaged in by Defendant RADY

1
**FIRST AMENDED COMPLAINT**

CHILDREN'S HOSPITAL-SAN DIEGO (hereinafter "Defendant RADY") and Defendant CMRE FINANCIAL SERVICES, INC. ("Defendant CMRE") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act").

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the

following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4.     This action arises out of Defendant CMRE's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; as well as the State of California Rosenthal Act, over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.     Because Defendant RADY's is physically located in the County of San Diego at 3020 Children's Way MC 5133, City of San Diego, and Defendant CMRE regularly conducts business within the County of San Diego by contacting residents therein for purposes of collecting alleged medical debts on behalf of medical centers, personal jurisdiction is established.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the

3
**FIRST AMENDED COMPLAINT**

1  following reasons: (i) Plaintiffs reside in the County of San Diego, State of California,
2  which is within this judicial district; (ii) the conduct complained of herein occurred
3  within this judicial district; and, (iii) Defendant has conducted business within this
4  judicial district at all times relevant.

## PARTIES & DEFINITIONS

6      7.    Plaintiffs are natural persons whose permanent residence is in the County
7  of San Diego, State of California, and is therefore a "person" as that term is defined by
8  California Civil Code § 1788.2(g) of the Rosenthal Act.

9      8.    Plaintiffs, as natural persons allegedly obligated to pay a consumer debt to
10 Defendants, alleged to have been due and owing, are therefore both "consumers" as that
11 term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and re also therefore "debtors"
12 as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

13     9.    As a partnership, corporation, limited liability company, or other similar
14 entity, Defendants are therefore both "person" within the meaning of California Civil
15 Code § 1788.2(g) of the Rosenthal Act.

16     10.    Defendants alleged that Plaintiffs owed money that they were allegedly
17 collecting for a debt arising out of medical services performed upon Plaintiffs' minor
18 son without money being required prior to services being performed, and Plaintiffs
19 therefore are informed and believe that the money alleged to have been owed to
20 Defendants originated from monetary credit that was extended primarily for personal,
21 family, or household purposes, and is therefore a "debt" as that term is defined by 15

U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

11. Upon information and belief, Defendants alleged that Plaintiffs owed money that they were allegedly collecting for money arising out of medical services that were performed without money being required in full at the time of services, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12. Because Plaintiffs, natural persons allegedly obligated to pay money arising from what Plaintiffs are informed and believe was a consumer credit transaction due to medical services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13. Plaintiffs are informed and believe that Defendant RADY's utilizes the instrumentalities of interstate commerce and the mails regularly to collect or attempt to collect debts owed or due or asserted to be owed or due on behalf of themselves, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

14. Plaintiffs are informed and believe that Defendant CMRE utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

15. Sometime in May of 2013, Plaintiffs took their minor son to Defendant RADY's for medical services.

16. Since the date of services, Plaintiffs have been contacted by Defendant RADY's multiple times, and have been faced with the allegation that they owe outstanding payments for the services in May of 2013.

17. As it is wholly irrelevant to the instant matter, Plaintiffs take no position with regard to the validity of the alleged debt that Defendants have alleged is due and owing, as FDCPA and RFDCPA violations are independent and apart from any obligation upon the underlying alleged debt.

18. As such, Plaintiffs' conduct in having taken their child in for service by Defendant RADY's is *NOT* an admission that they owe any alleged debt for which they have been contacted by Defendants. *See, e.g.* Baker v. G.C. Services Corp. (9th Cr. 1982) 677 F.2d 775, 777 "The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."

19. By letter dated October 20, 2014, Plaintiffs caused to be delivered to

6
**FIRST AMENDED COMPLAINT**

1  Defendant RADY's a written letter specifically instructing Defendant RADY's to not
2  contact either Plaintiff upon their cellular telephones and instructed that all
3  communication with them be in writing only.

4      20.    The letter dated October 20, 2014 also provided the cellular telephone
5  numbers for both Plaintiffs so that Defendant RADY's would know what numbers not
6  to call.

7      21.    Unfortunately, however, Defendant RADY's ignored Plaintiffs' written
8  instructions and proceeded to place telephone calls to Plaintiff COURTNEY's cellular
9  telephone in December of 2014 for the purpose of attempting to collect upon the
10 outstanding alleged debt. This constitutes a "communication" as that term is defined by
11 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. §
12 1692a(6).

13     22.    Defendant RADY's telephone calls to Plaintiff COURTNEY came at a
14 time when COURTNEY was recovering in the hospital from a recent childbirth with
15 Plaintiffs' second child, and these unlawful debt collection calls therefore caused her
16 undue stress, anxiety, and frustration at a time when she should have been recovering
17 from labor.

18     23.    By ignoring Plaintiffs' written instructions to not call Plaintiffs and
19 thereafter placing collection calls to COURTNEY's cellular phone in December of
20 2014, Defendant RADY's violated 15 U.S.C. §§ 1692c(a)(1) , 1692d, and 1692f of the
21 FDCPA, all of which have been incorporated into the Rosenthal Act by Calif. Civ.

1  Code § 1788.17 and therefore constitute violations of the Rosenthal Act.

2      24.    By collection letter dated December 29, 2014, Defendant RADY's informed Plaintiffs that they had until January 12, 2015 to make a payment on the outstanding balance before turning the matter over to collections.

    25.    However, Plaintiffs thereafter received a letter dated January 2, 2015 from Defendant CMRE claiming that the account had been turned over to it for collection and that Defendant CMRE was now contacting Plaintiffs for the purpose collecting upon the alleged debt.

    26.    Therefore, upon information and belief, when Defendant RADY's provided a letter to Plaintiffs dated December 29, 2014 claiming that Plaintiffs had until January 12, 2015 to make a payment, Defendant RADY's uttered false and misleading statements in connection with an attempt to collect an alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f of the FDCPA, all of which have been incorporated into the Rosenthal Act by Calif. Civ. Code § 1788.17 and therefore constitute violations of the Rosenthal Act.

    27.    The collection letter from Defendant CMRE dated January 2, 2015 constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

    28.    Defendant CMRE's letter dated January 2, 2015 contains a sentence at the very start of the letter that reads: "Our client has given you all the extension of time

1  they feel is justified."

2  29.	However, since Defendant RADY's had already provided to Plaintiffs a
3  letter dated December 29, 2014 claiming that Plaintiffs had until January 12, 2015 to
4  make a payment, Defendant CMRE's representation in its January 2, 2015 letter that
5  RADY'S had given Plaintiffs all the time that they feel is justified, Defendant CMRE
6  uttered a false and misleading statement in connection with an attempt to collect an
7  alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation
8  of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f of the FDCPA, all of which have been
9  incorporated into the Rosenthal Act by Calif. Civ. Code § 1788.17 and therefore
10 constitute violations of the Rosenthal Act as well as the FDCPA.

11 30.	Defendant CMRE's January 2, 2015 letter also shows that Defendant
12 CMRE is adding interest to the allegedly outstanding amount.

13 31.	However, the contract provided to Plaintiffs by Defendant CMRE in
14 Defendant's Motion to Dismiss (*Dckt. #3*) shows that only Defendant RADY's is
15 permitted to add interest to any outstanding balance, and any debt collection agency is
16 not so authorized pursuant to contract.

17 32.	At best, the contractual term is ambiguous, and ambiguities in a contract
18 are to be resolved against the party who drafted it, which in this case is not Plaintiffs.

19 33.	Moreover, Calif. Civ. Code §§ 3287-3289 does not allow for the adding of
20 interest until it is proven by way of judgment that the debt collector has a right to such
21 interest, and the adding of interest prior to obtaining judgment is not legal. *See e.g.*

1  <u>Diaz v. Kubler Corp.</u> (So. Dist. Calif. Nov. 6, 2013) 982 F. Supp. 2d 1146, 1153-1157.

2  34. As such, Defendant CMRE's attempt to collect unauthorized interest
3  constitutes false and misleading statements in connection with an attempt to collect an
4  alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation
5  of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692f, and 1692f(1) of the FDCPA, all of
6  which have been incorporated in to the Rosenthal Act by Calif. Civ. Code § 1788.17
7  and therefore constitute violations of the Rosenthal Act as well.

8  35. Defendant CMRE's January 2, 2015 letter is the first written notice
9  addressed to Plaintiffs by Defendant CMRE initially addressed to the Plaintiffs'
10 California address in connection with collecting the alleged debt by the third-party debt
11 collector.

12 36. Although the reverse page of the January 2, 2015 letter contains the
13 required consumer rights disclosures under Cal. Civ. Code § 1812.700 of the Rosenthal
14 Act, the first page contains at the beginning of the letter the ominous sentence, "Our
15 client has given you all the extension of time they feel is justified", and then fails to
16 instruct the alleged debtors to look on the reverse side of the letter to see required
17 consumer rights disclosures.

18 37. As such, Defendant CMRE's January 2, 2015 letter fails to provide
19 sufficient notice of the required consumer rights disclosures pursuant to Cal. Civ. Code
20 § 1812.700, as the disclosures are overshadowed. Consequently, pursuant to Cal. Civ.
21 Code § 1812.702, this omission by Defendant CMRE violated the Rosenthal Act.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF FDCPA
## AGAINST DEFENDANT CMRE ONLY
## 15 U.S.C. §§ 1692-1692p

38.   Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

39.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40.   Defendant CMRE's representation in its January 2, 2015 letter that RADY'S had given Plaintiffs all the time that they feel is justified, Defendant CMRE uttered a false and misleading statement in connection with an attempt to collect an alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f of the FDCPA.

41.   Defendant CMRE's attempt to collect unauthorized interest constitutes false and misleading statements in connection with an attempt to collect an alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692f, and 1692f(1) of the FDCPA.

42.   As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

///

## SECOND CAUSE OF ACTION
## VIOLATIONS OF ROSENTHAL ACT
## AGAINST ALL DEFENDANTS
## CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

45. By Defendant CMRE violating the provisions of the FDCPA as described above, Defendant CMRE has also committed multiple violations of the Rosenthal Act, as all such FDCPA provisions have been so incorporated into the Rosenthal Act via Calif. Civ. Code § 1788.17.

46. Defendant CMRE's January 2, 2015 letter fails to provide sufficient notice of the required consumer rights disclosures pursuant to Cal. Civ. Code § 1812.700, as the disclosures are overshadowed. Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant CMRE violated the Rosenthal Act.

47. when Defendant RADY's provided a letter to Plaintiffs dated December 29, 2014 claiming that Plaintiffs had until January 12, 2015 to make a payment, Defendant RADY's uttered false and misleading statements in connection with an attempt to collect an alleged consumer debt, and engaged in unfair and unconscionable conduct, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f of the FDCPA, all of which have been incorporated into the Rosenthal Act by Calif. Civ. Code § 1788.17

1 and therefore constitute violations of the Rosenthal Act.

2     48.    By ignoring Plaintiffs' written instructions to not call Plaintiffs and thereafter placing collection calls to COURTNEY's cellular phone in December of 2014, Defendant RADY's violated 15 U.S.C. §§ 1692c(a)(1) , 1692d, and 1692f of the FDCPA, all of which have been incorporated into the Rosenthal Act by Calif. Civ. Code § 1788.17 and therefore constitute violations of the Rosenthal Act.

    49.    As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Ascension and Cloud, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against all Defendants, and Plaintiffs be awarded damages from Defendants as follows:

### AS TO COUNT I (AS TO DEFENDANT CMRE ONLY)

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each Defendant individuall;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

### AS TO COUNT II (AS TO ALL DEFENDANTS)

- An award of actual damages pursuant to California Civil Code § 1788.30(a), jointly and severally;

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), from each Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 5, 2015            Respectfully submitted,

SEMNAR & HARTMAN, LLP

By:   /s/ Jared M. Hartman_____
      Jared M. Hartman, Esq.
      Attorney for Plaintiff