1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

CHAD and COURTNEY PROVO,

CASE NO. 15cv0081 JM(BGS)

11

Plaintiffs,

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS

vs.

12

RADY CHILDREN'S HOSPITAL-
SAN DIEGO; and CMRE
FINANCIAL SERVICES, INC.,

13
14

Defendants.

15

16      Defendant CMRE Financial Services, Inc. ("CMRE") moves to dismiss the First

17    Amended Complaint ("FAC") for failure to state a claim.  Plaintiffs Chad and Courtney

18    Provo oppose the motion.  Defendant Rady Children's Hospital - San Diego ("Rady")

19    filed an answer on March 11, 2015, and did not file a response to the motion.  Pursuant

20    to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution

21    without oral argument.  For the reasons set forth below, the court grants in part and

22    denies in part CMRE's motion to dismiss.

23                                    **BACKGROUND**

24      The FAC, filed on February 5, 2015, alleges a single federal law claim for

25    violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et

26    seq., and a single state law claim for violation of California's Fair Debt Collection

27    Practices Act ("Rosenthal Act"), Cal. Civil Code §188 et seq..  Plaintiffs' claims arise

28    from the collection efforts of Defendants related to monies allegedly owed by Plaintiffs

1   for the provision of medical services to Plaintiffs' minor son in May 2013. (FAC ¶¶15

2   - 18). "Plaintiffs take no position with regard to the validity of the alleged debt that

3   Defendants have alleged is due and owing." (FAC ¶17).

4         On October 20, 2014, Plaintiffs provided Rady with a letter containing their

5   cellular telephone numbers and instructing Rady not to contact them by cellular phone,

6   only by writing. (FAC ¶20). In alleged violation of the FDCPA, Rady contacted

7   Plaintiff Courtney's cellular telephone number. On or about December 29, 2014, Rady

8   "informed Plaintiffs that they had until January 12, 2015 to make a payment on the

9   outstanding balance before turning the matter over to collection." (FAC ¶24).

10        Shortly thereafter, on January 2, 1015, Plaintiffs received a letter informing them

11  that the Rady account had been sent to collections and CMRE "was now contacting

12  Plaintiffs for the purpose [of] collecting upon the alleged debt." (FAC ¶25). The letter

13  also stated that "[o]ur client has given you all the extension of time they feel is

14  justified." (FAC ¶28). Plaintiffs allege that the CMRE letter also wrongfully added

15  interest charges to the outstanding balance in violation of the FDCPA. (FAC ¶31).

16        Pursuant to Federal Rule of Civil Procedure 12(b)(6), CMRE now moves to

17  dismiss both claims. On February 3, 2015, CMRE filed an earlier motion to dismiss

18  the original complaint or, alternatively, for summary judgment. (Ct. Dkt. No. 3). After

19  Plaintiffs filed the FAC on February 6, 2015, the court denied CMRE's first motion to

20  dismiss as moot.

## DISCUSSION

### Legal Standards

23        Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in

24  "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

25  1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a

26  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.

27  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should

28  dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u> <u>Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In</u> <u>Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Plaintiffs assert two theories supporting their claims.[1] First, Plaintiffs claim that it is a violation of FDCPA for a debt collector to collect interest payments from a consumer based upon the original contract between the debtor and the original creditor. Second, Plaintiffs allege that the January 2, 2015 CMRE letter is false and misleading

---

[1] The parties do not dispute that Plaintiffs are consumers, Plaintiffs' debt is a consumer debt, and CMRE is a third-party debt collector for purposes of the FDCPA. <u>See</u> 15 U.S.C. §1692. The parties only dispute the fourth element of a FDCPA claim: whether CMRE violated one of the provisions of the FDCPA.

1    and in violation of the FDCPA and the Rosenthal Act.

2        The Interest Charges

3        Plaintiffs contend that a debt collector is not entitled to add contractual interest

4    charges to an outstanding debt without first obtaining a judgment.  According to

5    Plaintiffs, interest charges may not be assessed until the debt collector obtains a state

6    court judgment establishing the debt.  For legal support, Plaintiffs primarily rely upon

7    Cal. Civ. Code §3287, George v. Double D Foods, 155 Cal.App.3d 36 (1984), and

8    Overholster v. Glynn, 267 Cal.App.2d 800, 810 (1968).  The court concludes that these

9    authorities do not prohibit the imposition of contractual interest charges.

10       The Ninth Circuit recently rejected Plaintiffs' theory of liability.  Debt collectors

11   are prohibited from seeking to collect any amount that is not "expressly authorized by

12   the agreement creating the debt or permitted by law."  15 U.S.C. §1692f(1).  "A debt

13   collector does not violate this provision if the amounts it seeks are authorized by state

14   law."  Diaz v. Kubler Corp., – F.3d –, 2015 WL 2214634 (May 12, 2015).  As the

15   interest rate provision is enforceable under state law, this portion of Plaintiffs' claim

16   fails.

17       The pertinent state laws are sections 3287 and 3289 of the California Civil Code.

18   Section 3287 allows recovery of prejudgment interest on debts under certain

19   circumstances:

20       (a) Every person who is entitled to recover damages certain, or capable of
         being made certain by calculation, and the right to recover which is vested
21       in him upon a particular day, is entitled also to recover interest thereon
         from that day, except during which time as the debtor is prevented by law,
22       or by the act of the creditor from paying the debt. This section is
         applicable to recovery of damages and interest from any such debtor,
23       including the state or any county, city, city and county, municipal
         corporation, public district, public agency, or any political subdivision of
24       the state.

25       (b) Every person who is entitled under any judgment to receive damages
         based upon a cause of action in contract where the claim was
26       unliquidated, may also recover interest thereon from a date prior to the
         entry of judgment as the court may, in its discretion, fix, but in no event
27       earlier than the date the action was filed.

28   Cal. Civ. Code §3287.  Section 3289 provides that, in the absence of a contractual

- 4 -

1    interest provision, "the obligation shall bear interest at a rate of 10 percent per annum

2    after a breach."  Cal. Civ. Code §3289.

3         In Diaz, the debtor claimed, like Plaintiffs here, that the debt collector could not

4    recover interest under state law until the debt collector obtained a judgment.  After

5    analyzing state law, the Ninth Circuit concluded that "a judgment awarding interest

6    pursuant to 3287(a) merely vindicates a pre-existing right to interest instead of creating

7    it. [The debt collector] might well have had a right to pre-judgment interest pursuant

8    to section 3287(a) [], despite not having obtained a judgment saying so."  Id.  As

9    contractual interest rate provisions are enforceable under state law, see Indemnity Ins.

10   Co. Of North America v. Watson, 128 Cal.App. 10, 21 (1932); Sohrakoff v. Zumwalt,

11   122 Cal.App. 768 (1932) (interest allowable from the time it becomes due), Plaintiffs

12   are unable to state either a FDCPA or Rosenthal Act claim based upon the interest rate

13   charges.[2]

14        In sum, the court grants the motion to dismiss this portion of the FDCPA and the

15   Rosenthal Act claims premised upon the alleged charging of interest.[3]

16        The Allegedly False and Misleading Letter

17        Plaintiffs contend that the January 2, 2015 CMRE letter contains two

18   misrepresentations.  First, the letter placed the required Rosenthal Act disclosures on

19   the reverse side of the letter instead of on the first page.  Second, one sentence

20   concerning the referral of the bill to collections "suggests that steps to force

21   involuntary payment are imminently forthcoming from the perspective of the least

22   sophisticated debtor."  (Oppo. at p.16:8-9).

23        **a. The Rosenthal Act Disclosures**

24        Plaintiffs do not dispute that the January 2, 2015 letter complies with the

25

26        [2] The court notes that Plaintiffs do not dispute CMRE's argument that state
27   contract law principles (i.e. rules of interpretation, assignment, etc.) govern the
     relationship between the parties.

28        [3] On May 20, 2015, Plaintiffs filed a non-opposition to this portion of their
     claims.  (Ct. Dkt. 21).

Rosenthal Act in that it sets forth the required notice in substance and typeface. Plaintiffs contend that the least sophisticated debtor would be misled by the letter because the notice should have been placed on the front page, and not the second page or, at a minimum, the front page should have referred to the disclosures on the second page. Under the circumstances of this case, the court finds that the notice complies with all legal requirements.

Under section 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Courts apply the least sophisticated debtor test to determine whether the challenged provision is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" <u>Wade v. Regional Credit Ass'n</u>, 87 F.3d 1098, 1100 (9th Cir. 1996). The court concludes that even the least sophisticated consumer would not be deceived into thinking that one need only peruse the first page of a document to discover all relevant information. The notice is not hidden in small type or otherwise concealed. The notice appears at the top of the second page where it stands out from the other disclosures contained therein. Nothing more is required.

In sum, the court grants the motion to dismiss with prejudice that portion of the FDCPA and Rosenthal Act claims premised upon the placement of the required disclosures at the top of the second page.

**b. The Allegedly Misleading Implied Threat Statement**

Plaintiffs allege that the second statement contained in the January 2, 2015 letter is misleading and deceptive. The statement provides: "The above listed account has been assigned to our office for collection. Our client has given you all the extension of time they feel is justified." (Ct. Dkt. 3-3, p.2). Plaintiffs explain the manner in which this statement may be misleading to the least sophisticated consumer:

> When the original creditor told these least sophisticated debtors on December 29, 2014 that they have until January 12, 2015 to pay the alleged debt, but then the third party debt collector told them on January 2, 2015 that the original creditor has given them all the extensions it feels is justified (which certainly implies that the original creditor has found them to be in default), then of course the least sophisticated debtor would

1

be misled and confused as to the actual due date of the alleged obligation

2

and would be misled and confused as to what consequences could result.
The only reasonable conclusion that can be drawn from these

3

contradictions is that false and misleading statements have been uttered
by Defendant CMRE, and CMRE's use of such false and misleading

4

statements is unfair and oppressive.

5

(Oppo. at p.23:7-16).

6

Plaintiffs' premise is that the least sophisticated consumer, in reliance upon the

7

statement "[o]ur client has given you all the extension of time they feel is justified,"

8

means, in context, that they did not have until January 12, 2015, to pay the bill as the

9

December 29, 2014 letter stated.  The least sophisticated consumer test "protects all

10

consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the

11

credulous."  Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171

12

(9th Cir. 2006) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

13

Viewed from the perspective of the gullible and ignorant, and applying the least

14

sophisticated consumer test adopted by the Ninth Circuit, the court concludes that the

15

statement may be misleading to the least sophisticated consumer as articulated by

16

Plaintiffs and therefore states a claim for violation of the FDCPA and the Rosenthal

17

Act.  While it is unclear whether this statement is material, potentially caused harm or

18

confusion to Plaintiffs, or lulled Plaintiffs into inaction, a claim is stated whenever a

19

debt collector uses "any false, deceptive, or misleading representation or means in

20

connection with the collection of any debt." 15 U.S.C. § 1692e.  As the statement may

21

be conceptually viewed as deceptive or misleading from the perspective of the least

22

sophisticated consumer, and is made in connection with a debt collection, nothing more

23

is required to state a claim.

24

In sum, the court grants the motion to dismiss the claims premised upon the

25

interest charges with prejudice, grants the motion to dismiss the Rosenthal Act

26

disclosure claim with prejudice, and denies the motion to dismiss that portion of the

27

claims based, in part, upon the statement, "[o]ur client has given you all the extension

28

/ / /

15cv0081

1  of time they feel is justified."

2  **IT IS SO ORDERED.**

3  DATED:  June 11, 2015

4  _____

5  Hon. Jeffrey T. Miller
   United States District Judge

6  cc:          All parties

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

15cv0081