1  Franklin J. Love, Bar #80334

2  800 South Barranca Avenue, Suite 100

3  Covina, CA 91723

4  Telephone-626-653-0455

5  Fax-626-653-0465

6

7  Email-office@fjlovelaw.com

8  Attorney for Defendant, CMRE

9  Financial Services, Inc.

10

11                    UNITED STATES DISTRICT COURT

12                    SOUTHERN DISTRICT OF CALIFORNIA

13

14

15  CHAD & COURTNEY PROVO   )   CASE NO. 15CV0081 JM BGS

16                          )

17            PLAINTIFF      )   MEMORANDUM OF POINTS AND

18                          )   AUTHORITIES

19  VS.                     )

20                          )

21                          )

22  RADY CHILDRENS HOSPITAL )

23  SAN DIEGO; CMRE FINANCIAL )   DATE: July 20, 2015

24  SERVICES, INC.          )   TIME: 10:00 am

25          DEFENDANTS       )   COURTROOM: 5D

26  _____ )   JUDGE JEFFREY T. MILLER

27

28  The United States Supreme Court in Landis v. North American Co, (1936)

-1-

MEMORANDUM OF POINTS AND AUTHORITIES

1  299 U.S. 248, set forth that a district court has inherent power to control its

2  cases to promote the effective use of its resources.  The 9th Circuit upheld this

3  authority in Dependable Highway v. Navigators Ins (9th Circuit) (2007) 498 F.

4  3d 1059 with certain limitations, none of which are applicable to this case.

5

6       On April 27, 2015 the United States Supreme Court in Spokeo v. Robins,

7  Case No. 13-1339 granted a Writ of Certiorari.  The question presented is

8  stated as follows:

9       "Whether Congress may confer Article III standing upon a plaintiff who

10  suffers no concrete harm, and who therefore could not otherwise invoke the

11  jurisdiction of a federal court, by authorizing a private right of action based on

12  a bare violation of a federal statute."

13

14       It is submitted that based upon this Court's Ruling of June 11, 2015,

15  Document No. 22, the only remaining allegation that remains is a case of a

16  mere allegation of a purported violation of the FDCPA with no conceivable

17  actual harm to either of these Plaintiffs.  Just as in ruling upon a Rule 12 (b)

18  (6) motion, conclusory allegations and unwarranted inferences should be

19  disregarded, In Re Syntex Corp Sec. Litig (9th Circuit) (1996) 95 F. 3ed 922.

20

21       The Plaintiffs sole allegation pertains to the content of one sentence of a

22  letter which merely reiterates the fact that Rady's assigned their delinquent

23  debt to CMRE for collection.  There isn't a single fact alleged that would

24  leave even the slightest inference that these Plaintiffs sustained so much as a

25  penny of damages.  In fact, in Paragraph 17 of the FAC, they take no position

26  on the validity of their debt which is tantamount to an admission that the debt

27  was owing.  Further, in Paragraph 24, there is an allegation of a purported

28

-2-

MEMORANDUM OF POINTS AND AUTHORITIES

1  gratuitous promise by Rady's not to assign the account to collections.  Further

2  confirming that the debt was owing.

3
4  There isn't a single paragraph that references any type of actual damages

that these Plaintiffs allegedly incurred.  The prayer requesting an award of
5
6  actual damages hasn't the slightest foundation.  As held in Girard v. Ball

7  (1981) 125 Cal.App 3d 772, collection efforts constituting two letters and a

8  few telephone calls were consistent with reasonable collection efforts.  In this

9  case, there is but one letter as required by 15 USC 1692g.  There isn't any

10  remote possibility that these Plaintiffs sustained any actual damages.

11
If the United States Supreme Court in this coming October, 2015 term
12
13  should overrule the 9th Circuit and answer the question presented that Congress

14  exceeded the limits imposed on it by the Article III to only cases and

15  controversies, these Plaintiffs will have no standing before this Court.

16  It is submitted that a stay order pending the outcome of the question

17  presented serves the best interests of this Court and the parties.  The delay is

18
not significant in that the likelihood is that a decision will be issued prior to
19
20  the end of this year and at worse by June, 2016.  All parties will necessarily

21  incur attorney fees and costs which will be an exercise in futility if the

22  Supreme Court rules that these Plaintiffs must have incurred harm other than

23  a theoretical violation of a federal statute.

24  Accordingly, CMRE Financial Services, Inc. requests that this Court issue

25  an Order of stay until the decision in Spokeo v. Robins is finalized by the

26
United States Supreme Court.
27
28  ///

-3-

MEMORANDUM OF POINTS AND AUTHORITIES

Dated: June 15, 2015

FRANKLIN J. LOVE

ATTORNEY FOR DEFENDANT,

CMRE FINANCIAL SERVICES, INC

-4-

MEMORANDUM OF POINTS AND AUTHORITIES