1

2 ¹

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10 CHAD and COURTNEY PROVO,              CASE NO. 15cv0081 JM(BGS)

11                          Plaintiffs,   ORDER GRANTING MOTION TO
                                          STAY
        vs.
12
   RADY CHILDREN'S HOSPITAL-
13 SAN DIEGO; and CMRE
   FINANCIAL SERVICES, INC.,
14
                         Defendants.
15

16        Defendant CMRE Financial Services, Inc. ("CMRE") moves to stay this action

17 pending resolution of the petition for writ of certiorari in Robins v. Spokeo, Inc., 742

18 F.3d 409 (9th Cir. 2014).   See Spokeo, Inc. v. Robins, 135 S.Ct. 1892 (2015).

19 Plaintiffs Chad and Courtney Provo oppose the motion.

20        In Robins, the Ninth Circuit reversed the district court and held that the plaintiff

21 had sufficiently alleged Article III standing without a showing of actual harm, by merit

22 of his claims for willful violations of the Fair Credit Reporting Act under 15 U.S.C.

23 § 1681n(a). See 742 F.3d at 412–13. The Ninth Circuit observed that a willful violation

24 claim under section 1681n(a) does not require a showing of actual harm, and where a

25 "statutory cause of action does not require proof of actual damages, a plaintiff can

26 suffer a violation of the statutory right without suffering actual damages." Id. at 413.

27

28        ¹ The court incorporates its June 11, 2015 Order Granting in Part and Denying
   Part Motion to Dismiss ("Order").  (Ct. Dkt. 22).

The Ninth Circuit concluded that the "alleged violations of [the plaintiff's] statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III."  Id. at 413–14.

Spokeo appealed to the Supreme Court challenging the ability of the plaintiff to establish standing in the absence of a showing of actual damages.  In granting certiorari, the Supreme Court identified the issue as "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/13-1339.htm (last visited July 20, 2015).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including (1) the possible damage which may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir.2005); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).  Whether to stay proceedings is entrusted to the discretion of the district court.  See Landis, 299 U.S. at 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The court concludes that competing interests favor a stay.  The question presented in Spokeo is nearly identical to the issue of standing in this court.  In its Order, the court concluded that, under the least sophisticated consumer test, the

statement "[o]ur client has given you all the extension of time they feel is justified," is potentially actionable under the Fair Debt Collection Practices Act ("FDCPA"). The court also noted that Plaintiffs had failed to show that this alleged misstatement, standing alone, "potentially caused harm or confusion to Plaintiffs, or lulled Plaintiffs into inaction. . . ." (Order at p. 7:17-20). Although not yet tested, it is unclear whether Plaintiffs are able to establish an injury-in-fact without reliance upon a violation of the FDCPA to establish statutory damages. While Plaintiffs allege that they suffered emotional distress and mental anguish, (FAC ¶22), there are no allegations that the alleged misstatement ("[o]ur client has given you all the extension of time they feel is justified") caused Plaintiffs any harm.[2] The only harm identified with certainty is a potential statutory violation.

While Plaintiffs correctly note that discovery has yet to commence in this case, neither the parties nor the court are able to state with confidence that Article III standing is established simply by alleging a statutory violation, as opposed to an actual injury-in-fact. The Ninth Circuit opines that a violation of a statute is sufficient to satisfy the injury-in-fact requirement of Article III. Robins, 742 F.3d at 413-14. Thus, under Robins, Plaintiffs establish Article III standing because the challenged statement is viewed through a prism of gullibility and ignorance, as required by the least sophisticated consumer test, see Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th Cir. 2006), to establish a potential statutory violation of the FDCPA without any showing of actual harm. A contrary determination of this issue by the Supreme Court will likely take this case in a different direction.

Finally, the Supreme Court is likely to issue a decision within one year and neither party will be significantly prejudiced by a less than one year delay. Further, a stay of this action will potentially streamline this case by identifying controlling legal

---

[2] Plaintiffs appear to acknowledge that they have not suffered any actual damages. Plaintiffs represent that "additional facts could reasonably come out during discovery and depositions that could result in a claim for actual damages." (Oppo. at p.7:1-3).

principles, and identifying the scope of discovery.

In sum, the court grants the motion to stay.  CMRE is instructed to inform the court within ten days of resolution of the <u>Robins</u> appeal by the Supreme Court.

**IT IS SO ORDERED.**

DATED:  July 29, 2015

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

15cv0081