UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD and COURTNEY PROVO,<br><br>                              Plaintiff,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL – SAN DIEGO; and CMRE FINANCIAL SERVICES, INC.,<br><br>                              Defendant. | Case No.:  15cv00081-JM(BGS)<br><br>**ORDER GRANTING DEFENDANT CMRE'S MOTION TO DISMISS FOR LACK OF STANDING** |

Defendant CMRE Financial Services, Inc. ("CMRE") moves to dismiss the First Amended Complaint ("FAC") of Plaintiffs Chad and Courtney Provo ("Plaintiffs") for lack of standing.  (Doc. No. 36.)  For the reasons set forth below, the court grants CMRE's motion with leave to amend.

## BACKGROUND

The FAC, filed on February 5, 2015, alleges CMRE violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq. Plaintiffs' claims arise from CMRE's collection efforts related to monies allegedly owed by Plaintiffs for the provision of medical services to Plaintiffs' minor son in May 2013.

1

(Doc. No. 5 at ¶¶ 15-18.)  According to the FAC, on or about December 29, 2014, Defendant Rady Children's Hospital – San Diego ("Rady") "informed Plaintiffs that they had until January 12, 2015[,] to make a payment on the outstanding balance before turning the matter over to collections."  (Id. ¶ 24.)  Shortly thereafter, on January 2, 2015, Plaintiffs received a letter from CMRE informing them that the Rady account had been sent to collections and CMRE "was now contacting Plaintiffs for the purpose [of] collecting upon the alleged debt."  (Id. ¶ 25.)  The letter also stated that "[o]ur client has given you all the extension of time they feel is justified."  (Id. ¶ 28.)

On February 20, 2015, CMRE filed a motion to dismiss the FAC for failure to state a claim.  (Doc. No. 9.)  The court granted the motion in part and denied the motion in part.  (Doc. No. 22.)  The court held that, under the least sophisticated consumer test, Plaintiffs had properly alleged a violation of 15 U.S.C. § 1692e as to CMRE's written statement that "[o]ur client has given you all the extension of time they feel is justified[,]" and therefore allowed claims based on that statement to proceed.  (Doc. No. 22 at 7.)  On June 15, 2015, CMRE moved to stay those proceedings pending the United States Supreme Court's decision in Spokeo, Inc. v. Robins.  (Doc. No. 24.)  The court granted that motion on July 29, 2015.  (Doc. No. 31.)  The Supreme Court issued its decision in Spokeo on May 16, 2016, and CMRE moved to dismiss the FAC for lack of standing nine days later.  (Doc. No. 36.)  Plaintiffs opposed the motion.  (Doc. No. 38.)

## DISCUSSION

The "irreducible constitutional minimum" of standing consists of three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  A plaintiff must have (1) suffered an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) which is likely to be redressed by a favorable judicial decision.  Id. at 560-61.  To establish injury in fact—the relevant element here—the plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Id. at 560 (internal quotations omitted).  As the party invoking federal jurisdiction, the plaintiff

1  bears the burden of establishing these elements.  FW/PBS, Inc. v. Dallas, 493 U.S. 215,
2  231 (1990).  "Where, as here, a case is at the pleading stage, the plaintiff must clearly
3  allege facts demonstrating each element." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547
4  (2016), as revised (May 24, 2016) (internal quotations and alterations omitted).

5      In Spokeo, the Supreme Court discussed the "concrete" and "particularized"
6  components of the injury-in-fact requirement.  For an injury to be concrete, it "must be
7  '*de facto*'; that is, it must actually exist." Id. at 1548.  "For an injury to be particularized,
8  it must affect the plaintiff in a personal and individual way."  Id. (internal quotations
9  omitted).  The Supreme Court noted that a plaintiff does not "automatically satisf[y] the
10 injury-in-fact requirement whenever a statute grants a person a statutory right and
11 purports to authorize that person to sue to vindicate that right." Id. at 1549.  Instead,
12 "Article III standing requires a concrete injury even in the context of a statutory
13 violation."  Put another way, an allegation of "a bare procedural violation, divorced from
14 any concrete harm," does not "satisfy the injury-in-fact requirement . . . ." Id. at 1549.
15 Spokeo thus distinguishes between "bare procedural violation[s]" and violations that
16 "cause harm or present any material risk of harm." Id. at 1549-50.

17     Here, the only harm Plaintiffs plead is in reference to phone calls made by
18 CMRE's codefendant, Rady, which Plaintiffs allege caused "undue stress, anxiety, and
19 frustration . . . ."  (Doc. No. 5 ¶ 22.)  As to CMRE, however, while Plaintiffs allege that
20 CMRE violated the FDCPA and Rosenthal Act by sending the January 2, 2015, letter,
21 nowhere in the FAC do they plead any harm or material risk of harm that they suffered as
22 a consequence.  (See Doc. No. 5 ¶¶ 27-29, 39-40, 44-45.)  Plaintiffs failed to allege an
23 injury that "actually exist[ed]" and that affected them "in a personal and individual way."
24 Spokeo, 136 S. Ct. at 1548.  Though Plaintiffs state in their opposition to CMRE's
25 motion that unsophisticated debtors may face harm as a result of receiving this sort of
26 letter, they did not plead in the FAC that they themselves suffered this type of harm.
27 Consequently, Plaintiffs did not meet their burden.

28     In sum, because Plaintiffs failed to adequately plead injury in fact resulting from

1  CMRE's alleged statutory violation, the court dismisses the FAC.  The court grants
2  Plaintiffs leave to amend, however.  If justified, Plaintiffs may file within fourteen days
3  of this order a fully integrated Second Amended Complaint that properly alleges the
4  injury they suffered on account of receiving the January 2, 2015, letter.

6       IT IS SO ORDERED.

8  DATED: September 6, 2016

                                 JEFFREY T. MILLER
                                 United States District Judge